# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN NOLAN,<br><br>          Petitioner,<br><br>   v.<br><br>CHARLES W. CALLAHAN,<br><br>          Respondent. | Case No. 8:18-cv-00847-FMO-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

      The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on March 25, 2020 ("Objections"). (Objs., ECF No. 41.) Respondent did not file a timely response to the Objections. As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

      Petitioner argues in the Objections that the Magistrate Judge erred in her analysis that the state court's application of California's timeliness bar was not clearly untenable. (Objs., at 6–8.) Petitioner offers arguments why the state court's

application of the timeliness bar was erroneous.  (*Id.*, at 3–5.)  The Court has conducted an independent review of the state court's decision applying the timeliness bar to Petitioner's state-court habeas petition.  (Lodged Document No. 29, ECF No. 38-29.)  The Court concurs with the Magistrate Judge's conclusion that the state court's interpretation is not a "clearly untenable" decision that "amounts to a subterfuge to avoid federal review," *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007) (citation and quotation marks omitted), or that this is one of those "unusual" circumstances in which a federal court should "reject a state court's use of a procedural bar on the ground that it was erroneously applied," *Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011).  "A California court's determination that a filing was untimely . . . is dispositive."  *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010).  The state court was unequivocal in rejecting the petition in its entirety as untimely, and because "there are ways to construe the state court's ruling that would not make it 'clearly untenable,'" the Court declines to find that the state court erroneously applied its own procedural rule.  *Lopez*, 491 F.3d at 1043; *cf. Carey v. Saffold*, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that [the petitioner's] 4 1/2-month delay was 'unreasonable,' that would be the end of the matter . . . .").

Consequently, the Court also rejects Petitioner's other objection to the Report and Recommendation, that he has demonstrated he should be excused from default on the basis that he was denied ineffective assistance of counsel.  (Objs., at 8.)  Because Petitioner's claims of ineffective assistance themselves are procedurally defaulted, they may not serve as a basis upon which to establish cause for a default.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

///

1    IT THEREFORE IS ORDERED that (1) the Report and Recommendation of
2 the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the
3 Petition and dismissing this action with prejudice.

5 DATED: June 15, 2020

```
              _____/s/_____
              FERNANDO M. OLGUIN
              UNITED STATES DISTRICT JUDGE
```